CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 21 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAY A. BROSCHART, )<br>    Plaintiff, ) | Civil Action No. 7:07-cv-00535 |
| )<br>v. ) | MEMORANDUM OPINION |
| )<br>DR. TED THOMPSON, et al., )<br>    Defendants. ) | By: Hon. Glen E. Conrad<br>United States District Judge |

Plaintiff Jay A. Broschart, a Virginia inmate currently incarcerated at Wallens Ridge State Prison ("WRSP"), has filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, alleging that he has been denied proper medical attention.[1] Upon consideration of the complaint, it is clear that plaintiff did not fully exhaust the inmate grievance procedure. Because plaintiff did not exhaust his administrative remedies before filing this action, his claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). The exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedy procedures for purposes of § 1997e(a) means using all steps that the agency holds out, and doing so properly, so that the agency addresses the issues on the

---

[1] Upon review of the complaint and the original 42 pages of documentation submitted in support thereof, it appears that plaintiff is generally dissatisfied with the medical care available to him at WRSP.

merits. See, e.g., Woodford v. Ngo, 548 U.S. ___, slip op. at 6-8 (2006). Section 1997e(a) applies whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion provision is mandatory, even in those instances where an inmate claims that exhaustion would be futile or the remedy inadequate. Id. n.6. A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. In support of the instant complaint, plaintiff submitted extensive documentation of his having communicated to prison officials his dissatisfaction regarding his medical issues; however, the court's thorough review of plaintiff's submissions failed to disclose any evidence of complete exhaustion or any statement verifying that he had exhausted all available administrative remedies. Thereafter, on November 15, 2007, the court conditionally filed plaintiff's complaint, and requested, inter alia, that he (i) submit a statement verifying that he had exhausted all available administrative remedies, and (ii) attach documentation verifying his attempts to exhaust administrative remedies. Plaintiff has complied with these requests; however, the record plaintiff has submitted, while voluminous, provides no documentation of plaintiff's having fully exhausted all available administrative remedies by properly grieving and appealing to the highest level any adverse outcomes.[2] As the court has already observed, proper exhaustion means full exhaustion of

---

[2] With his original complaint, plaintiff submitted the following: a record of a medical history and physical, dated January 9, 2007; an Inmate Request for Information, dated April 2, 2007; an Inmate Request for Information,
(continued...)

2

all available levels of appeal. Woodford, 548 U.S. ___, slip op. at 6-8. Because it appears from the face of plaintiff's own pleadings and the content of the documents he has submitted in support of his verified statement that plaintiff has not fully exhausted all available administrative remedies, as required pursuant to 42 U.S.C. § 1997e(a) before filing a federal lawsuit, this complaint will be dismissed. See Anderson, 407 F.3d at 683.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 20th day of December, 2007.

_____
United States District Judge

---

²(...continued)
dated April 30, 2007; an additional Inmate Request for Information, dated April 30, 2007; a Regular Grievance, dated May 18, 2007, which was rejected at the intake stage, on May 22, 2007, for failure to follow proper procedures; a Request for Medical Services, dated June 18, 2007; a Request for Medical Services, dated June 29, 2007; a Request for Medical Services, dated July 4, 2007; a Request for Medical Services, dated July 10, 2007; a letter, dated August 2, 2007, from the Health Services Director for the Virginia Department of Corrections ("VDOC"), thanking plaintiff for his "recent grievance," but returning it to him because it was "incomplete" and advising plaintiff to follow the appropriate Operating Procedure; a Request for Medical Services, dated August 2, 2007; a Request for Medical Services, dated August 7, 2007; a Request for Medical Services, dated September 3, 2007; an Inmate Request for Information, dated September 12, 2007; an Inmate Request for Information, dated September 13, 2007; a Request for Medical Services, dated September 19, 2007; an Emergency Grievance Form, dated September 20, 2007, stating that plaintiff had been ill and needed medical attention, with a staff response, also dated September 20, 2007, stating that plaintiff had been "placed on the MD list" and that, "in the [f]uture," plaintiff should "submit [his] request to speak with the doctor on [a] green form"; an Informal Complaint Form, dated September 22, 2007; and another Informal Complaint Form, also dated September 22, 2007. All of these documents and attachments (totaling 42 pages) express plaintiff's dissatisfaction with his medical care, and all of them have appropriate staff responses.

With his statement purporting to verify his exhaustion of all available administrative remedies, plaintiff has submitted duplicates of many of these documents. The only new document plaintiff submitted with his verified statement is a copy of a letter from plaintiff to the VDOC's Health Services Director, dated June 19, 2007.

3